From judgment awarding the plaintiff damages in the sum of one thousand dollars both plaintiff and defendant appealed, assigning errors.

*Sharpe, Grimes & Pittman and Oliver G. Rand for plaintiff.*
*Royall, Gosney & Smith for defendant.*

PER CURIAM. The defendant's appeal presents the sole question as to whether there was sufficient evidence to carry the case to the jury. Since we are of the opinion that the evidence is plenary for this purpose, it follows that the exceptions to the court's refusal to grant the defendant's motion for a judgment as in case of nonsuit under the provisions of C. S., 567, cannot be sustained.

The plaintiff's appeal is only from the finding of the jury upon the third issue, which related to the measure of damage fixed at one thousand dollars. We have examined the exceptions set out in the plaintiff's brief, and are of the opinion that no error prejudicial to the plaintiff was committed either in the rulings of the court upon the admission and exclusion of evidence, or in the charge to the jury.

Since no new questions are presented on this appeal, it is not deemed necessary or expedient to discuss the exceptions set out in detail.

In the trial before the Superior Court we find

No error.

---

## W. M. FRADY v. ROBERT N. BALLARD.

(Filed 24 February, 1943.)

APPEAL by plaintiff from *Sink, J.,* at December Term, 1942, of BUNCOMBE. Affirmed.

Civil action in tort to recover damages for personal injuries.

Plaintiff's evidence tends to show the following: He was a passenger on defendant's bus, which was standing in the bus company parking lot in Asheville, N. C. There was a disturbance in the bus before the driver started up. Another passenger became sick—apparently epileptic fit. He became violent, causing the disturbance. The bus driver requested plaintiff several times to assist him in getting the man out of the bus into the fresh air. Plaintiff finally agreed to help and they got him to the front. Plaintiff got off first with the sick man between him and the driver. As they got the man off the steps to the ground the driver "turned him loose" and "he reached around and caught me by the finger and broke it, so I held him until he got quiet and the law came and that

STATE *v.* MOODY.

is all I know—this happened as quickly as we hit the ground, we got to scuffling and he caught me by the finger."

There was judgment of nonsuit and plaintiff appealed.

*Smathers & Meekins for plaintiff, appellant.*

*J. W. Haynes for defendant, appellee.*

PER CURIAM. We concur in the conclusion of the court below. The evidence fails to disclose actionable negligence on the part of the defendant's driver.

The judgment below is
Affirmed.


STATE v. LEWIS MOODY.

(Filed 17 March, 1943.)

Criminal Law § 80—

When defendant fails to serve his statement of case on appeal within the time allowed, the motion of the Attorney-General to docket and dismiss will be granted, but when the defendant has been convicted of a capital felony this will be done only after inspection of the record fails to disclose error.

*Attorney-General McMullan for the State.*

PER CURIAM. The defendant was tried before his Honor, R. D. Dixon, Special Judge, and a jury, at the August Term, 1942, of Northampton Superior Court upon a bill of indictment charging him with the murder of John Arthur Kee, and was convicted of murder in the first degree. Thereupon, he was sentenced to death by asphyxiation, as provided by law; and from this judgment, he gave notice of appeal to the Supreme Court.

The case on appeal was not docketed here within the time prescribed under the Rules of Court, and the defendant has filed no brief.

Thereupon, the Attorney-General moved to dismiss the appeal for failure to docket the same and send up the transcript as required by Rule 17, and for not having filed a brief as required under Rule 28.

We have carefully examined the record, and find therein no error. *S. v. Watkins,* 101 N. C., 702, 8 S. E., 346. The motion of the Attorney-General is, therefore, allowed.

The judgment of the court below is affirmed and the appeal is dismissed. *S. v. Watson,* 208 N. C., 70, 179 S. E., 455.

Judgment affirmed. Appeal dismissed.